IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| SHARON SELLS, | : | Case No. 2:03CV1111 DB |
| Plaintiff, | : | |
| vs. | : | MEMORANDUM DECISION AND ORDER |
| PHILLIPS PETROLEUM COMPANY and METROPOLITAN LIFE INSURANCE CO., aka METLIFE, | : | JUDGE DEE BENSON |
| | | MAGISTRATE JUDGE BROOKE C. WELLS |
| Defendants. | | |

This matter is before the Court pursuant to Plaintiff, Sharon Sells', Motion to Compel. See Motion, docket no. 17. The Court previously granted the parties' stipulation to treat Plaintiff's Motion to Compel as a Motion to Permit Discovery. See Order, docket no. 21.

Background

Plaintiff seeks the recovery of long-term disability benefits under the group disability plan of her former employer, Defendant Philips Petroleum Company. Co-defendant, Metlife insures and administers the Plan.

This case is governed by the Employment Retirement Income Security Act (ERISA). All parties agree that the plan in this case does not contain an express grant of discretionary

authority.  Therefore, the *de novo* standard of review applies to this case.  See Opp. p. 1, docket no. 22; Rep. p. 1, docket no. 23.

The parties, however, disagree concerning the permissible amount of discovery allowed outside the administrative record. Plaintiff seeks to add to the administrative record by engaging in discovery.  Defendants, on the other hand, argue that additional discovery is unnecessary.  Accordingly, the question before the Court concerns the proper scope of discovery in an ERISA case subject to the *de novo* standard of review.

## Discussion

In ERISA cases, expanded discovery beyond the administrative record is not always necessary nor required.  The Tenth Circuit has recognized that a "primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." Sandoval v. Aetna Life & Cas. Ins. Co., 967 F.2d 377, 380 (10th Cir. 1992).  Hence, it is often "the unusual case in which the district court should allow supplementation of the record." Hall v. UNUM Life Ins. Co. of America, 300 F.3d 1197, 1203 (10th Cir. 2002).  In essence, "[c]umulative or repetitive evidence, or evidence that 'is simply better evidence than the claimant mustered for the claim review' should not be admitted." Id. (quoting Quesinberry v. Life Ins. Co. of N. America, 987 F.2d 1017, 1027 (4th Cir. 1993)).  "The

party seeking to supplement the record bears the burden of establishing why the district court should exercise its discretion to admit particular evidence by showing how that evidence is necessary to the district court's *de novo* review." Hall 300 F.3d at 1203.  With these principles in mind the Court considers Plaintiff's request for discovery.

Plaintiff raises four arguments in support of her request to allow discovery.  First, "the information sought would demonstrate what documents, protocols, medical texts, policies, materials and evidence were actually considered by Defendant in evaluating Plaintiff's claim."  Mem. in Supp. p. 4, docket no. 18.  According to Plaintiff this would "ensure that the complete administrative record is considered by the court and would expose any arbitrary and capricious practices by Defendant."  Id. Second, the requested discovery would show whether Defendants have arbitrary or capricious policies in relation to evaluating claims involving fibromyalgia.  See id.  Third, Plaintiff alleges the  information sought is relevant in determining the qualifications and skill level of those involved in evaluating Plaintiff's claim.  See id.  Finally, the information is important in determining whether those involved in evaluating Plaintiff's claim had a conflict of interest.  Plaintiff also cites to Hall v. UNUM Life Ins. Co. of America, 300 F.3d 1197 (10th Cir. 2002) in support of her arguments.

Defendants counter, arguing that Plaintiff misreads Hall. According to Defendants, Hall actually supports their position that further discovery is unnecessary in this case.

In Hall, an injured employee filed suit against the long-term disability insurer under ERISA after her disability benefits were terminated.  See id. at 1199-1200.  The district court conducted a *de novo* review of the ERISA administrator's disability benefits termination and ruled in favor of the plaintiff.  See id.  On appeal, the defendant primarily argued that the district court improperly considered evidence outside of the administrative record.  See id. at 1199.  The court rejected this argument and concluded that the district court properly considered extrinsic evidence outside the record.  As Plaintiff alleges, it would appear at first glance that Hall allows discovery in any case reviewed pursuant to the *de novo* standard. However, a more careful reading indicates that discovery is not mandated in all *de novo* cases, but is left to the discretion of the trial court.

In its analysis, the Hall court reviewed case law from other circuits concerning the proper evidentiary scope of review in *de novo* ERISA cases.  See id. at 1202-1203.  The courts of appeals are split on this issue.  See id. at 1201.  However, after an analysis of the competing lines of thought, the Hall court found

the Fourth Circuit's decision in Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017 (4th Cir. 1993) persuasive.

> We agree with the Fourth Circuit that the best way to implement ERISA's purposes in this context is ordinarily to restrict de novo review to the administrative record, but to allow the district court to supplement that record "when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision."

Hall 300 F.3d at 1202 (quoting Quesinberry, 987 F.2d at 1025.).

Accordingly, the Tenth Circuit adopted what is often called the "intermediate position." Id. at 1202.  This position attempts to balance the interests of employees and their beneficiaries, and provide employees and their beneficiaries with at least as much protection as they had prior to the enactment of ERISA.  See id.  It also seeks to provide prompt resolution of claims and ensures that "'district court [are] not . . . made into substitute plan administrators.'" Id. (quoting Quesinberry, 987 F.3d at 1025) (alterations in original).  In essence, "'the most desirable approach to the proper scope of *de novo* review under ERISA is one which balances the[] multiple purposes of ERISA'" and allows a district court to exercise discretion in choosing to admit additional evidence. Id. (quoting Quesinberry, 987 F.3d at 1025) (alteration added).

Admittedly, the <u>Hall</u> decision did not specifically discuss the proper scope of discovery.  The court did, however, provide guidance and left the decision of whether or not to allow additional evidence to the discretion of the trial court.  Based on this discretion, the general principles set forth in <u>Hall</u> and other Tenth Circuit case law, and the record before the Court, the Court finds that Plaintiff has failed to demonstrate circumstances that clearly establish additional evidence is necessary for proper *de novo* review.

Plaintiffs first two arguments concern arbitrary and capricious activities by Defendants.  Either by those who reviewed Plaintiff's claim or because of an underlying bias against Fibromyalgia claims.  Plaintiffs third argument concerns the qualifications and skills of those who evaluated Plaintiff's claim.  The Court agrees with Defendants, in that Plaintiffs first three arguments primarily concern the process by which Defendants evaluated Plaintiff's claim.

The administrative record consists of 1352 pages of documents much of which contains the process and procedure by which Defendants evaluated Plaintiff's claim.  <u>See</u> Opp. p. 6. Plaintiff fails to set forth circumstances which clearly establish the need for additional evidence concerning the claims process.  <u>See</u> <u>Hall</u>, 300 F.3d at 1202.  Therefore, the Court

declines to allow more discovery into the claim evaluation process.

Plaintiff's next argument concerns the need for information in determining whether the evaluators had a conflict of interest. The Court finds Plaintiff's argument unavailing. The Hall court stated, "[t]he administrator and the payor are often the same party for many ERISA benefit plans. If we were to adopt a blanket rule that the admission of additional evidence should be allowed whenever the same party is the administrator and payor, then it will not be the unusual case in which additional evidence is admitted." Hall 300 F.3d at 1205. "[E]vidence should only be admitted to the extent that the party seeking its admission can show that it is relevant to the conflict of interest and that the conflict of interest in fact requires the admission of the evidence." Id.

Here, Plaintiff has failed to show how additional evidence would be relevant to a potential conflict of interest. The Court can ascertain from the admitted roles Defendants played in the claims process that there was a clear conflict of interest. Such a conflict can be accounted for during the Court's review of Plaintiff's claim. There is no need to supplement the administrative record with more evidence concerning this conflict. Such evidence would likely be duplicative, create a waste of time and resources for the parties and the Court, and

unnecessary for proper *de novo* review.  <u>See</u> Fed. R. Civ. P. 26.

Finally, in her reply brief Plaintiff emphasizes the importance that regardless of the scope of discovery, in <u>Hall</u> discovery was allowed.  <u>See</u> Reply p. 2.  Therefore, discovery is proper in this case.  Plaintiff fails to note that although discovery did take place in <u>Hall</u> it was not mandated.  If it were otherwise, district courts would be forced into becoming "substitute plan administrators."  <u>Hall</u> 300 F.3d at 1202.  Plaintiff sets forth the exceptional circumstances set forth in <u>Hall</u> as a basis for needing additional discovery.  While it is true there are some complex medical questions in this case, the Court finds that there is no need for additional evidence.  <u>See id.</u> at 1203 (stating that "district courts are not required to admit additional evidence when these circumstances exist because a court 'may well conclude that the case can be properly resolved on the administrative record without the need to put the parties to additional delay and expense.'") (citation omitted).

Admittedly, some courts have permitted limited discovery under the *de novo* standard.  <u>See</u> <u>Zack v. Hartford Life & Accident Ins. Co.</u>, 2002 WL 538851 *8 (D.Kan 2002) (finding that it was inappropriate to restrict discovery under the *de novo* standard because the Tenth Circuit may ultimately decide that under *de novo* review all facts must be examined); <u>Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan</u>, 46 F.3d 938, 944 (9th

Cir. 1995) (concluding that additional evidence was necessary to conduct an adequate *de novo* review); <u>Waffener v. UNUM Life Ins. Co. of America</u>, 238 F.Supp.2d 1179, 1187 (S.D.Cal. 2002) (allowing some additional discovery to facilitate *de novo* review).  Notwithstanding these decisions, "it is the unusual case in which the district court should allow supplementation of the record."  <u>Hall</u> 300 F.3d at 1203.  Accordingly, the Court DENIES Plaintiff's Motion to Permit Discovery.

DATED this 29th  day of July, 2005.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge